AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ALVIS DEMEZIER, ) | Case No. 13-8238-DLB |
| ) | |
| ) | |
| ) | |
| Defendant(s) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 3, 2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(3) | Knowingly possessed, in and affecting commerce, a firearm while being an unlawful user of marijuana. |
| 21 U.S.C. §§ 841(a)(1), 841(b)(1), 841(b)(1)(D) | Possession with intent to distribute marijuana |
| 18 U.S.C. § 924(c) | Knowingly carried a firearm in connection with drug trafficking activity. |

This criminal complaint is based on these facts:
See attached affidavit of ATF Task Force Agent Richard Silva

☑ Continued on the attached sheet.

_____
Complainant's signature

ATF TFO Richard Silva
Printed name and title

Sworn to before me and signed in my presence.

Date: 05/08/2013

_____
Judge's signature

City and state: West Palm Beach, Florida

U.S. Magistrate Judge Dave Lee Brannon
Printed name and title

## AFFIDAVIT
### Case No. 13-8238-DLB

Your affiant, RICHARD SILVA, first being duly sworn does hereby depose and state as follows:

### Introduction

1. I have been employed by the Palm Beach County Sheriff's Office since 2004. Since January 2011, I have been assigned as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Some of my responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 8, United States Code, Chapter 44).

2. This affidavit is based upon my personal knowledge, review of reports, and information obtained from other law enforcement officials and civilians. This affidavit does not contain every fact of this investigation, only the information believed necessary to support a finding of probable cause to believe that, Alvis DEMEZIER, did knowingly possess, in and affecting commerce, a firearm, while being an unlawful user of marijuana, in violation Title 18, United States Code, Sections 922(g)(3) and 924(a)(2); did knowingly and willfully possess a controlled substance with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D): and, did knowingly carry a firearm in furtherance of drug trafficking activity, in violation of Title 18, United States Code, Section 924(c); however, no information known to me that would tend to negate probable cause has been withheld from this Affidavit.

### Facts in Support of Probable Cause

3. On May 3, 2013, Deputy Sheriff (D/S) Adams Lin of the Palm Beach County Sheriff's Office (PBSO) queried the Florida State Driving and Vehicle Information Database (D.A.V.I.D.) with respect to a silver Pontiac four-door automobile bearing Florida tag 4879BK, and

was advised by that system that registered owner of the vehicle, Alvis DEMEZIER's driver's license was suspended and there was a seize tag order on the vehicle. D/S Lin, who was driving a marked PBSO cruiser activated his emergency equipment and conducted a traffic stop on Alvis DEMEZIER in unincorporated West Palm Beach, Palm Beach County, Southern District of Florida, for the aforementioned traffic violations.

4. The vehicle, driven by DEMEZIER, was occupied by a female front seat passenger, who your affiant shall refer to hereafter as "SG." As D/S Lin was speaking to DEMEZIER regarding the traffic violation, D/S Lin detected the strong odor of burnt marijuana emanating from the vehicle. DEMEZIER informed D/S Lin that he had a firearm inside the glove box.

5. Confirming his earlier information, D/S Lin entered DEMEZIER's information into the DAVID database and according to the records check, DEMEZIER's State of Florida driver's license was suspended due to cancellation of Personal Injury Protection Insurance (PIP). D/S Lin escorted DEMEZIER from the vehicle and placed him into handcuff restraints. As D/S Lin was applying the handcuffs to DEMEZIER, D/S Lin detected the strong and distinct odor of burnt marijuana coming from DEMEZIER's clothing. D/S Lin conducted a pat down on DEMEZIER and felt a small square-like, plastic object in DEMEZIER's front left pants pocket. Based on D/S Lin's past training and experience with narcotic investigations with PBSO, which included numerous prior marijuana-related charges, he suspected the square like object to be a 1" plastic bag of marijuana. D/S Lin asked DEMEZIER what was inside his pocket, to which DEMEZIER responded that it was money. D/S Lin removed the suspicious item and noticed that it was in fact a small, clear, 1" plastic bag containing suspect marijuana.

6. D/S Lin placed DEMEZIER in his marked patrol vehicle and then met with the front

passenger, SG. D/S Lin asked her to exit the vehicle. As SG was exiting the vehicle, she excitedly uttered, "it ain't mine." Once SG has exited the vehicle and D/S Lin looked inside, he located a large, clear plastic bag on the front passenger seat that contained nine 1" clear plastic bags of suspect marijuana, identical to the bag previously located in DEMEZIER's pocket. SG repeatedly stated that the larger bag found on her seat belonged to the driver and that he stuffed it under her leg as they were being pulled over. SG completed a sworn written statement on scene.

7. While in custody, DEMEZIER spontaneously volunteered that the marijuana belonged to him. D/S Lin conducted a taped sworn statement, utilizing his PBSO in dash camera with DEMEZIER. DEMEZIER was read his constitutional <u>Miranda</u> warnings and gave a verbal indication that he understood his rights. Post-<u>Miranda</u>, DEMEZIER explained that the bag containing multiple 1" bags of marijuana on SG's seat was indeed his and that he placed it there to hide it from law enforcement. DEMEZIER informed D/S Lin that as he was being pulled over, he repeatedly coaxed SG to assist him, stating "come on baby, come on baby, come on baby," while concealing the clear bag containing the nine individually packaged bags of marijuana. According to DEMEZIER, he thought he removed all ten of the 1" bags of marijuana, but that he must have left one in his pocket. He advised that he smokes marijuana approximately 7 times a day because he does not work. DEMEZIER claimed he does not sell marijuana and he gets it for free from friends to smoke with his girlfriend, SG.

8. DEMEZIER began to blame SG for the traffic stop, as SG was not wearing her seat belt. DEMEZIER was concerned with having his firearm taken away secondary to the presence of marijuana inside his vehicle. DEMEZIER advised that he does not have a concealed weapons permit and that he is aware of the 3-step rule for concealed carry inside a vehicle. DEMEZIER informed

D/S Lin that he has many felony arrests and has always pled out to misdemeanors so that he is not prohibited from carrying a firearm.

9. D/S Lin then searched the vehicle based on the probable cause from the smell of the marijuana, finding of marijuana on the defendant's person and passenger compartment, and criminal traffic violation. D/S Lin located a black, Ruger Model: P-95, 9mm, semi-automatic pistol, Serial No. 31B13504, secured in a black holster. The pistol was located with the magazine inserted into the magazine well. The magazine was loaded with thirteen rounds of Federal manufactured ammunition.

10. D/S Lin conducted a tow inventory on DEMEZIER's vehicle since it was subject to felony forfeiture. During the inventory of the vehicle, D/S Lin detected a fresh smell of marijuana coming from inside the trunk. D/S Lin observed a black varsity style jacket with blue trim on the left side of the trunk. D/S Lin picked up the jacket and noticed that the fresh marijuana smell intensified as he was holding it. D//S Lin located a large plastic bag containing suspect marijuana inside the left pocket of the jacket. The marijuana located in the jacket had a total net weight of 50.7 grams.

11. D/S Lin conducted a field test on all of the suspect marijuana recovered using a PBSO issued marijuana test kit and all of the marijuana indicated positive results for the presence of THC. In addition to the loaded Ruger pistol, the following narcotics were recovered during the traffic stop:

a. 10- 1" plastic bags of marijuana

b. 50.7 grams (net weight) of marijuana in a plastic bag

12. DEMEZIER was arrested by the Palm Beach County Sheriffs Office for numerous charges, to include Possession of marijuana with intent to sell, carrying a concealed firearm during

the commission of a felony, and driving with a suspended driver's license (with knowledge).

13. Your affiant consulted with ATF TFO Troy Raines, who, based on his extensive training and experience in street-level narcotics investigations, has previously been deemed qualified and permitted to testify as an expert witness as to the street level distribution of controlled substances, in the United States District Court for the Southern District of Florida. TFO Raines determined that the amount of marijuana recovered along with the packaging materials, and attendant circumstances such as the possession of the firearm, is indicative of possession of marijuana for distribution purposes, and is inconsistent with possession of marijuana purely for personal consumption purposes.

14. Your affiant consulted with ATF SA Michael Kelly who has received extensive training in the manufacture and commerce of firearm, and has been admitted as an expert witness in the area of the interstate commerce nexus of firearms and ammunition on numerous prior occasions in the United States District Court for the Southern District of Florida, and elsewhere. SA Kelly has advised your affiant that the Ruger semi-automatic pistol and Federal Cartridge (FC) ammunition contained therein, are all manufactured outside the State of Florida, and that thus, by their subsequent presence and recover in Florida, such, of necessity, had to have traveled in and affected interstate and/or foreign commerce.

15. Based upon the previous facts, your affiant believes that there is probable cause to believe that, Alvis DEMEZIER, did knowingly possess, in and affecting commerce, a firearm, that is, Ruger, Model P-95, 9 mm, semi-automatic pistol, serial number 31B13504, while being an unlawful user of marijuana, in violation Title 18, United States Code, Section 922(g)(3), and did knowingly carry a firearm in connection with drug trafficking activity, that is, the possession of

Case 9:13-mj-08238-DLB   Document 3   Entered on FLSD Docket 05/08/2013   Page 7 of 8

marijuana with intent to distribute, in violation of Title 18, United States Code, Section 924(c), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), respectively.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Richard Silva
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 8TH DAY OF MAY, 2013, AT
WEST PALM BEACH, FLORIDA.

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. ___13-8238-DLB___

UNITED STATES OF AMERICA

vs.

ALVIS DEMEZIER

                   **Defendant.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?    _____ Yes    __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?    _____ Yes    __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
JOHN C. MCMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5500228
500 S. Australian Ave, Ste. 400
West Palm Beach, Florida  33401
TEL (561) 820-8711
FAX (561) 820-8777